Harper, J.
It is a matter not without difficulty to give a proper construction to the Act of Assembly of 1824, authorizing the Ordinary to make sale or division of the estate, provided the value of such real estate, to be ascertained by the Judges of said Courts of Ordinary respectively, upon the oath or oaths of a credible witness or witnesses, shall not exceed $1000. We are satisfied, however, that the Act was only intended' to apply where the entire value of the estate, in how many districts soever situated, does not exceed $1000. Tet, both from the Act of 1199, (2 Faust, 315,) establishing Courts of Ordinary “ in each district,” and from the general law, we are also satisfied that no Ordinary can order the division or sale of lands out of his own district. It results, that when application is made to the Ordinary for this purpose, it is his duty to inquire the value of the entire real estate of the deceased, wheresoever situated in the State, and not merely in his own district, and if it shall be found not to exceed $1000, to order the sale of that portion which lies in his own district. This construction is not without difficulty, but we cannot discover any other practical one.
If the Ordinary, however, should be deceived by the evidence brought before him, either through the fraud or mistake of the parties, or the ignorance or omission of witnesses, certainly the title of a bona fide purchaser ought not to be affected. The Ordinary is a judge of a special jurisdiction, and the circumstances which give him jurisdiction should appear on the face of his proceedings. If it thus appear that he-did inquire respecting the value of the entire estate, and that upon clear examination it was found not to exceed $1000, then his judgment is conclusive, unless under particular circumstances of fraud ; nor can parties afterwards be permitted to show that the whole of the estate was not taken into the estimate, or that its value exceeded $1000. He is the judge on both <- points, and his judgment is conclusive. The latter point has been already adjudged by this Court,* and the reasoning extends to the former.
But if it should appear from the face of the Ordinary’s proceedings, that he did not inquire respecting the value of the entire estate, or that the value exceeded $1000, then he is without jurisdiction, and his proceedings void. If, in such case, a purchaser be deceived, it is by his own laches, for he might have inspected the proceedings.
In the present case, the proceedings of the Ordinary in relation to the land in question are not before us, and the cause is remanded that the matter may be inquired into and ascertained according to the views herein expressed.
Johnson, J., and O’Heael, J., concurred.

 Chambers vs. Watson, 1 Bail. 511.